**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JASMINE DIAZ, ET AL.**

        Plaintiffs,

-vs.-

**NEW WORK CITY, INC., DBA**
**AMERICAN MEDICAL PERSONNEL, ET AL.**

        Defendants.

Case No.:  5:16-cv-02319

Judge:  Hon. Sara Lioi

**DEFENDANTS' ANSWER TO**
**PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT**

Now come Defendants, New Work City, Inc., dba American Medical Personnel, Gladstone Headquarters, Inc., dba American Medical Personnel, Vicki Stanley, and Tony Montesano (collectively, "AMP"), and, for their Answer to the Class and Collective Action Complaint ("Complaint") (Doc. No. 1) of Plaintiffs, Jasmine Diaz, Jasmine Jones, and Constance Shannon (collectively "Plaintiffs"), hereby state as follows:

1.      AMP admits that Plaintiffs' Complaint seeks relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 through 219 ("FLSA"), as well as Ohio's wage-and-hour statute, R.C. § 4111.01, et seq.  AMP, however, denies the validity of Plaintiffs' claims and further denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      AMP admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      AMP denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      AMP admits that venue is proper in this judicial district and division.  AMP denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      AMP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint.  Therefore, AMP denies the allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6.      AMP admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      AMP admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      AMP denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      AMP denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     AMP denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     AMP denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     AMP denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     AMP denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     AMP denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     AMP denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     AMP denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     AMP denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     AMP denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     AMP denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     AMP denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     AMP denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     AMP denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     AMP denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     AMP denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     AMP denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Plaintiffs' Complaint omits Paragraph 26.

27.     Plaintiffs' Complaint omits Paragraph 27.

28.     Plaintiffs' Complaint omits Paragraph 28.

29.     Plaintiffs' Complaint omits Paragraph 29.

30.     Plaintiffs' Complaint omits Paragraph 30.

31.     Plaintiffs' Complaint omits Paragraph 31.

32.     Plaintiffs' Complaint omits Paragraph 32.

33.     Plaintiffs' Complaint omits Paragraph 33.

34.     Plaintiffs' Complaint omits Paragraph 34.

35.     In response to the allegations contained in Paragraph 35 of Plaintiffs' Complaint, AMP restates and incorporates each preceding Paragraph of this pleading as if fully restated herein.

36.     The allegations contained in Paragraph 36 of Plaintiffs' Complaint require no answer of AMP, but to the extent that they require an answer, AMP denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     The allegations contained in Paragraph 37 of Plaintiffs' Complaint require no answer of AMP, but to the extent that they require an answer, AMP denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     AMP denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     AMP denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     AMP denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     In response to the allegations contained in Paragraph 41 of Plaintiffs' Complaint, AMP restates and incorporates each preceding Paragraph of this pleading as if fully restated herein.

42.     The allegations contained in Paragraph 42 of Plaintiffs' Complaint require no answer of AMP, but to the extent that they require an answer, AMP denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     AMP denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     AMP denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     AMP denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     AMP denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     AMP denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     AMP denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     In response to the allegations contained in Paragraph 49 of Plaintiffs' Complaint, AMP restates and incorporates each preceding Paragraph of this pleading as if fully restated herein.

50.     The allegations contained in Paragraph 50 of Plaintiffs' Complaint require no answer of AMP, but to the extent that they require an answer, AMP denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiffs' Complaint require no answer of AMP, but to the extent that they require an answer, AMP denies all allegations contained in Paragraph 51 of Plaintiffs' Complaint that misstate or misconstrue the applicable provisions of the FLSA.

52.     AMP denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     AMP denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     AMP denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     AMP denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     In response to the allegations contained in Paragraph 56 of Plaintiffs' Complaint, AMP restates and incorporates each preceding Paragraph of this pleading as if fully restated herein.

57.     The allegations contained in Paragraph 57 of Plaintiffs' Complaint require no answer of AMP, but to the extent that they require an answer, AMP denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     AMP denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     AMP denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     AMP denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     AMP denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     To the extent that any response is required to the Prayer for Relief, AMP denies each and every allegation contained therein.

63.     AMP denies all allegations and conclusions set forth in Plaintiffs' Complaint heretofore not admitted or denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against AMP.

2.     Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated as set forth in the Complaint, are barred, or limited, by the applicable statutes

of limitations. Further, the applicability of the statutes of limitations require individualized determinations of each putative member of the collective action and class action, thereby precluding collective action and/or class action status.

3.      AMP at all times acted in good faith and with reasonable grounds for believing it has not violated federal or state law.

4.      Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated as set forth in the Complaint, are barred, in whole or in part, under the doctrines of laches, waiver, estoppel, ratification, acquiescence, set-off, or unclean hands.

5.      The Complaint, and each cause of action thereof, is barred or the damages flowing therefrom reduced because Plaintiffs and putative members of the collective action and class action, as set forth in the Complaint failed to notify AMP of the alleged statutory violation at the time such violation allegedly occurred, which prevented AMP from taking any action to remedy such alleged violation.

6.      The Complaint fails to state a claim against AMP upon which attorneys' fees or costs can be awarded.

7.      Any damages that Plaintiffs, or putative members of the collective action and class action, as set forth in the Complaint, could recover, must be limited or reduced by their failure to mitigate damages.

8.      Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the collective action and class action as set forth in the Complaint, if allowed to be tried upon, or with so-called representative evidence, would violate the procedural and substantive due process clauses of the state and federal constitutions.

9.      Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the collective action and class action as set forth in the Complaint, that seek the imposition of multiple penalties and/or exemplary damages, including liquidated damages, for the same basic wrongs, are unconstitutional, and such relief violates the due process clauses of both federal and state constitutions.

10.      Plaintiff is not entitled to have matters of law tried to a jury, and Plaintiffs' demand for a jury trial shall be so limited.

11.      Any failure by AMP to pay wages owed, including, overtime, was de minimis, and, therefore, Plaintiff is barred from such recovery.

12.      The Complaint fails to state a claim upon which relief may be granted.

13.      The Complaint fails due to an absence of subject matter jurisdiction and supplemental subject matter jurisdiction.

14.      AMP invokes the defenses, protections, and limitations of the FLSA and R.C. § 4111.03, et seq.

15.      AMP did not know or show reckless disregard for whether its conduct was prohibited by the FLSA or R.C. § 4111.01, et seq.

16.      This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e., "hours worked" under the FLSA or R.C. § 4111.01, et seq.

17.      Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular work week at a rate not less than that set forth by the overtime provisions of the FLSA and R.C. § 4111.01, et seq.

18.     Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class or collective action members reflect variability.

19.     AMP's actions were in good faith, in conformity with, and/or in reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

20.     All actions taken by AMP with respect to Plaintiffs were supported by legitimate business reasons.

21.     The foregoing defenses are raised by AMP without waiver of any other defenses that may come to light during discovery proceedings or otherwise.  AMP hereby reserves the right to amend or supplement this Answer to assert any other defenses as they become available.

**WHEREFORE,** Defendants, New Work City, Inc., dba American Medical Personnel, Gladstone Headquarters, Inc., dba American Medical Personnel, Vicki Stanley, and Tony Montesano, deny that Plaintiffs, Jasmine Diaz, Jasmine Jones, and Constance Shannon, are entitled to any relief whatsoever and respectfully request judgment dismissing the Class and Collective Action Complaint, with prejudice, and with such costs and attorneys' fees and costs as may be allowed by law, and with any other further relief the Court deems appropriate.

DATED:       January 6, 2017          Respectfully submitted,

**TZANGAS | PLAKAS | MANNOS | LTD**


/s/ Edmond J. Mack
Lee E. Plakas (0008628)
David L. Dingwell (0059159)
Edmond J. Mack (0082906)
220 Market Avenue South, Eighth Floor
Canton, Ohio 44702
Telephone:     (330) 455-6112
Facsimile:     (330) 455-2108
Email:         emack@lawlion.com

*Counsel for Defendants, New Work City, Inc., dba
American Medical Personnel, Gladstone
Headquarters, Inc., dba American Medical
Personnel, Vicki Stanley, and Tony Montesano*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed and served electronically on the 6th day of January, 2017, upon all parties currently registered for this matter in the Court's electronic filing system.

/s/ Edmond J. Mack
Edmond J. Mack (0082906)
*Counsel for Defendants, New Work City, Inc., dba American Medical Personnel, Gladstone Headquarters, Inc., dba American Medical Personnel, Vicki Stanley, and Tony Montesano*