UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASMINE DIAZ, *et al.*, | Case No. 5:16-cv-2319 |
| Plaintiffs, | JUDGE SARA LIOI |
| v. | |
| NEW WORK CITY, INC., *et al.*, | **PLAINTIFFS' MOTION IN SUPPORT OF CONDITIONAL CERTIFICATION, OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. § 216** |
| Defendants. | |

Representative Plaintiffs Jasmine Diaz, Jasmine Jones, and Constance Shannon, individually and as representatives of all similarly situated plaintiffs, move this Court for conditional class certification under section 216(b) of the Fair Labor Standards Act ("FLSA"). Defendants' own records document a scheme to avoid paying overtime: by issuing checks on a daily, twice-weekly or on some other short-term basis, Defendants failed to properly track and pay overtime hours worked and required under the FLSA. 29 U.S.C. § 216(b). In addition, Defendants failed to pay travel time between client facilities during weeks in which hourly employees worked 40 or more hours—all of this in violation of the fundamental requirements of the FLSA, 29 U.S.C. § 207; 29 C.F.R. Chapter 552. *See* 29 CFR § 785.38. Defendants' own records irrefutably document FLSA violations. The declarations of Plaintiffs Jasmine Diaz, Jasmine Jones and Constance Shannon document Defendants' unlawful payroll practices.

Plaintiffs' motion easily demonstrates a "colorable basis" supporting Plaintiffs' allegations that they are *similarly situated* to other potential plaintiffs, current and former hourly employees of Defendants. *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 765, 770 (N.D. Ohio 2015) (quoting *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 865-66 (S.D. Ohio 2005)); *Boyd v.*

*Schwebel Baking Co*., No. 4:15-cv-871, at *7 (N.D. Ohio, June 30, 2016); *Lewis v. Huntington Nat'l Bank*, 789 F.Supp.2d 863, 867 (S.D. Ohio 2011) (quotations omitted); *Gomez v. ERMC Property Management Company, LLC*, 3:13-cv-1081, 2014 WL 1513945 at *1 (N.D Ohio. April 16, 2014) (further citations omitted). Plaintiffs' motion meets the "fairly lenient standard" that Plaintiffs and the other potential plaintiffs were victims of a common, illegal plan or policy employed by Defendants.  *Waggoner,* 110 F.Supp.3d at 764-65 (citing *Comer v. Wal-Mart Store, Inc*., 454 F.3d 544, 547 (6th Cir. 2006) (quoting *Morisky v. Pub. Serv. Elec. & Gas Co*., 111 F.Supp.2d 493, 497 (D. N.J. 2000))).  Plaintiffs respectfully submit that their motion for conditional certification should be granted and that the proposed notice should be issued to all potential opt-in plaintiffs.  The grounds for this motion are more fully set forth in the attached memorandum.

        Respectfully submitted,

        *s/ Ryan A. Winters*
        Joseph F. Scott (0029780)
        Ryan A. Winters (0086917)
        Scott & Winters Law Firm, LLC
        The Superior Building
        815 Superior Avenue E., Suite 1325
        Cleveland, OH  44114
        440-498-9100
        jscott@ohiowagewlawyers.com
        rwinters@ohiowagelawyers.com

        *and*

        Kevin M. McDermott II (0090455)
        McDermott Law LLC
        11925 Pearl Road, Suite 310
        Strongsville, Ohio 44136
        Telephone: 216-367-9181
        Facsimile: 440-846-1625
        kevin@mcdermottattorney.com

        *Attorneys for Plaintiffs*