**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JASMINE DIAZ, ET AL.**

      Plaintiffs,

-vs.-

**NEW WORK CITY, INC., DBA
AMERICAN MEDICAL PERSONNEL, ET AL.**

      Defendants.

Case No.:  5:16-cv-02319

Judge:  Hon. Sara Lioi

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION IN SUPPORT OF CONDITIONAL CERTIFICATION, OPT-IN
DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN
PLAINTIFFS PURSUANT TO 29 U.S.C. § 216**

Defendants, New Work City, Inc., dba American Medical Personnel, Gladstone Headquarters, Inc., dba American Medical Personnel, Vicki Stanley, and Tony Montesano (collectively, "AMP") hereby submit the following response to the Motion in Support of Conditional Certification, Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216 (Doc. No. 17) of Plaintiffs, Jasmine Diaz, Jasmine Jones, and Constance Shannon (collectively "Plaintiffs").

**I.   INTRODUCTION.**

Without waiver of AMP's right to challenge certifiability later in these proceedings, AMP does not contest conditional certification of Plaintiffs' class claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 through 219 ("FLSA").  However, AMP does object to several aspects of the notice to potential opt-in plaintiffs that Plaintiffs request this Court approve (Doc. Nos. 17-7 and 17-8) in connection with this Court's conditional certification of Plaintiffs' FLSA claims.

## II. DISCUSSION.

### A. AMP Does Not Contest Conditional Certification, but Does Not Waive Right to Challenge Class Certification Later in these Proceedings.

AMP does not contest conditional certification of Plaintiffs' class claims under the FLSA. However, AMP does not concede the merits of Plaintiffs' FLSA class clams, and AMP reserves the right to seek decertification of Plaintiffs' FLSA class claims later in these proceedings. Further, AMP does not concede the certifiability of Plaintiffs' claims under Ohio's wage-and-hour statute, R.C. § 4111.01, et seq., and will expressly oppose certification of such claims later in these proceedings.

### B. AMP's Objections to Plaintiffs' Notice of Suit to Potential Opt-In Plaintiffs.

While AMP does not contest conditional certification of Plaintiffs' class claims under the FLSA, AMP does object to several aspects of the notice to potential opt-in plaintiffs that Plaintiffs request this Court approve. (*See* Doc. Nos. 17-7 and 17-8).

Courts may facilitate FLSA collective actions by authorizing notice of the suit to potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482 (1989). The FLSA "grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 170. Should conditional certification of Plaintiffs' FLSA class claims be granted by this Court, AMP does not oppose Plaintiffs' request that the Court supervise notice so as to provide potential plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* However, the notice that Plaintiffs request this Court approve for sending to potential opt-in plaintiffs has several deficiencies:

>    *First*.        **Plaintiffs' Notice Fails to Inform Potential Opt-In Plaintiffs that they May be Required to Participate in Discovery.**

Plaintiffs' proposed notice does not mention that opt-in plaintiffs may be required to participate in discovery. (*See* Doc. No. 17-7). Any notice to potential opt-in plaintiffs should include a statement that opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial in the Northern District of Ohio. In sustaining this same objection to a plaintiff's proposed notice to a conditionally certified class, Judge Gregory L. Frost of the Southern District of Ohio held:

> Inclusion of [the defendant's] suggested statement would allow potential plaintiffs to make a reasoned decision about the time they would need to invest in the suit should they decided to opt-in. Courts, including this one, have approved language fully describing possible discovery requirements of opt-in plaintiffs.

*Heaps v. Safelite Sols., LLC*, No. S.D. Ohio 2:10 CV 729, 2011 WL 1325207, *8 (Apr. 5, 2011) [citations omitted].

Plaintiffs' proposed notice should include similar language.

>    *Second*.        **The Notice Fails to Inform Potential Opt-In Plaintiffs that they May be Held Liable for AMP's Costs if AMP Prevails.**

Plaintiffs' notice does not state that potential plaintiffs could be held liable for payment of AMP's costs associated with this lawsuit if AMP prevails. AMP requests that the notice advise potential opt-in plaintiffs that they could be held liable for such costs. (*See* Doc. No. 17-7). Sustaining this same objection, Judge Frost held:

> Being made aware of the possibility of being held liable for [the defendant's] costs of litigation is necessary information for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff. Certainly, issues of financial responsibility for the suit would play into that determination, and numerous courts, including this one, have required such information be included in FLSA collective action notices.

*Heaps*, 2011 WL 1325207 at *8 (Apr. 5, 2011).

3

The notice in this case should contain a statement that the opt-in plaintiffs could be liable for the payment of AMP's costs if AMP prevails.

### *Third*.   Plaintiffs' Proposed Notice Fails to Inform Potential Opt-In Plaintiffs of their Right to Choose Counsel.

Plaintiffs' proposed notice does not refer to the potential plaintiffs' right to be represented by counsel of their own choosing. (*See* Doc. Nos. 17-7 and 17-8). Rather, Plaintiffs' notice expressly states that opt-in plaintiffs would be represented solely by Plaintiffs' counsel. (Id.). Sustaining this exact objection, Judge Frost again held:

> The Court finds that a statement indicating that the potential plaintiffs have the right to choose their own counsel should appear in the notice. Informing potential plaintiffs of their right to chose [*sic*] their own counsel is an appropriate element in a notice.

*Heaps*, 2011 WL 1325207 at *9 (Apr. 5, 2011).

The notice should contain a statement indicating that the opt-in plaintiffs are entitled to be represented by the named Plaintiffs' counsel or by counsel of his or her own choosing.

### *Fourth*.   Plaintiffs' Proposed Notice Fails to Fairly Inform Potential Opt-In Plaintiffs of AMP's Position.

Plaintiffs' proposed notice does not include any statement that AMP denies Plaintiffs' allegations. (*See* Doc. No. 17-7). It is unfair to prohibit AMP from describing its position in the litigation, including any particular defenses it believes it may have. AMP should be permitted to state that it denies Plaintiffs' allegations, and believes it has complied with the FLSA in good faith. Judge Frost continued:

> The Court concludes that [the defendant's] denial of any FLSA violation should be included in the notice. The Supreme Court has commented that, "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche,* 493 U.S. at 174. The purpose of the notice is to provide potential plaintiffs with a neutral discussion of the nature of the action. Courts frequently approve and even require that the notice include a statement

4

that the defendant denies the allegations and complied with the FLSA in good faith.

*Heaps*, 2011 WL 1325207 at *9 (Apr. 5, 2011) [citations omitted].

The notice should include language stating AMP's denial of the allegations and its belief that it complied with the FLSA in good faith.

> ### *Fifth.*     **Plaintiffs' Proposed Notice Should be Returned to the Clerk of Court, Not Plaintiffs' Counsel.**

Plaintiffs' proposed notice states that it may be returned to Plaintiffs' counsel, rather than the Clerk of Courts directly. (*See* Doc. No. 17-7). The completed opt-in notices should be returned by mail to the Clerk of Courts. The Eastern District of New York held:

> The common practice in the Eastern District is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiffs' counsel. *See Brabham v. Mega Tempering & Glass Corp.,* E.D.N.Y. No. 13 Civ. 54, 2013 WL 3357722, *7 (Jul. 3, 2013) (finding, among other things, that sending notice to the Clerk of Court "avoids the risk of delaying a tolling of the statute of limitations relating to an individual opt-in plaintiff's claims as a result of the turnaround time occasioned between receipt of a consent form by Plaintiffs' counsel and the need to file the form with the Court. Thus, this practice is in the best interest of any opt-in Plaintiff"); *Rosario v. Valentine Avenue Discount Store, Co.,* 828 F.Supp.2d 508, 521 (E.D.N.Y.2011) (ordering that notice of pendency direct opt-in plaintiffs to file their consent forms with the Clerk of the Court and noting recent court decisions finding that returning forms to plaintiff's counsel "implicitly discourages opt-in plaintiffs from selecting other counsel"); *Bowens v. Atl. Maintenance Corp.,* 546 F.Supp.2d 55, 84–85 (E.D.N.Y.2008) (citing recent cases which found that requiring consent forms to be returned to plaintiffs' counsel improperly discourages class members from seeking outside counsel and directing that Consent Forms be sent to the Clerk of Court); *Iriarte v. Redwood Deli & Catering, Inc.*, E.D.N.Y. No. CV-07-5062 FB(SMG), 2008 WL 2622929, *4 (June 30, 2008) (although plaintiff proposed that "individuals deciding to opt in forward their completed consent forms to his counsel, 'recent decisions have held that such a provision improperly discourages class members from seeking outside counsel and thus, courts have directed that Consent Forms be sent to the Clerk of the Court'"); *Guzman v. VLM, Inc.,* E.D.N.Y. No. 07 Civ. 1126, 2007 WL 2994278, *9 (Oct. 11, 2007) (noting defendants' objection to consent forms being returned to law offices of plaintiffs' counsel and referencing the fact that the majority of courts direct parties to submit opt-in forms to the clerk of court, court directed that consent forms be returned to the Clerk of the Court). Accordingly, the Court finds that

5

the appropriate course of action here is to have the consent forms returned to the Clerk of the Court.

*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 462 (E.D.N.Y. 2014).

The notice should include language stating that the opt-in plaintiffs should return the completed form to the Clerk of Court by mail, and not to plaintiffs' counsel.

> ### *Sixth.* **Plaintiffs' Proposed Notice Fails to Define thePeriod Within Which Opt-Ins must be Received and Filed with the Clerk of Court.**

Plaintiffs' notice proposes an indefinite opt-in period. (*See* Doc. No. 17-7). The opt-in period should be defined, and AMP suggests that a forty-five (45) day opt-in period would be sufficient. Again, Judge Frost:

> A forty-five day opt-in period satisfies the need to prevent delay in this litigation while also allowing potential plaintiffs time to fully consider their options. This Court previously determined a forty-five day opt-in period to be more efficient than a proposed sixty day opt-in period.

*Heaps*, 2011 WL 1325207 at *9 (Apr. 5, 2011) [citations omitted].

The notice should include that a statement the potential plaintiffs have forty-five (45) days to file their consent form to opt-in to this action.

> ### *Seventh.* **Plaintiffs' Proposed Notice Fails to Identify AMP's Counsel.**

Plaintiffs' notice provides the contact information for Plaintiffs' Counsel. (*See* Doc. No. 17-7). The notice should also provide the contact information for AMP's Counsel. The Eastern District of New York held:

> Defendant is correct in the assertion that courts in this Circuit routinely include contact information for both plaintiff and defense counsel in notices sent to potential opt-in plaintiffs. *Cano v. Four M Food Corp.*, E.D.N.Y. No. 08-CV-3005, 2009 WL 5710143, *11 (Feb. 3, 2009); *Cohan v. Columbia Sussex Mgmt., LLC*, E.D.N.Y. No. CV 12-3203, 2013 WL 8367807, *1 (Sept. 19, 2013) ("[T]he contact information for defendants' attorneys is routinely included in notices"); *Mendoza v. Ashiya Sushi 5, Inc.*, S.D.N.Y. No. 12 CIV. 8629, 2013 WL 5211839, *1 (Sept. 16, 2013) ("Defendants request that the Final Notice include their counsel's contact information. FLSA notices routinely include this

6

information."); *Ritz v. Mike Rory Corp.*, E.D.N.Y. No. 12 CV 367 JBW RML, 2013 WL 1799974, *4 (Apr. 30, 2013) (holding that defense counsel's contact information "is routinely included in notices").

*Sultonmurodov v. Mesivita of Long Beach*, E.D.N.Y. No. CV 15-CV-1654, 2015 WL 5918415, *3 (Oct. 9, 2015).

The notice should provide the contact information for AMP's Counsel.

### III. CONCLUSION.

While AMP does not contest conditional certification of Plaintiffs' class claims under the FLSA, should this Court grant conditional certification, AMP's objections to the notice proposed by Plaintiffs should be sustained.

DATED:	March 13, 2017	Respectfully submitted,

**TZANGAS | PLAKAS | MANNOS | LTD**

/s/ Edmond J. Mack
Lee E. Plakas (0008628)
David L. Dingwell (0059159)
Edmond J. Mack (0082906)
220 Market Avenue South, Eighth Floor
Canton, Ohio 44702
Telephone:	(330) 455-6112
Facsimile:	(330) 455-2108
Email:	emack@lawlion.com

*Counsel for Defendants, New Work City, Inc., dba American Medical Personnel, Gladstone Headquarters, Inc., dba American Medical Personnel, Vicki Stanley, and Tony Montesano*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing has been filed and served electronically on the 13th day of March 2017 upon all parties currently registered for this matter in the Court's electronic filing system.

        /s/ Edmond J. Mack
        Edmond J. Mack (0082906)
        *Counsel for Defendants, New Work City, Inc., dba American Medical Personnel, Gladstone Headquarters, Inc., dba American Medical Personnel, Vicki Stanley, and Tony Montesano*