# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JASMINE DIAZ, et al.,         )       CASE NO. 5:16-cv-2319
                                )
                                )
          PLAINTIFFS,     )       JUDGE SARA LIOI
                                )
vs.                            )
                                )       MEMORANDUM OPINION AND
                                )       FINAL ORDER AND JUDGMENT
NEW WORK CITY, INC. dba AMERICAN  )
MEDICAL PERSONNEL, et al.,      )
                                )
                                )
         DEFENDANTS.     )

On August 16, 2017, the parties participated in a mediation session before a private mediator jointly chosen by the parties. On August 31, 2017, the Court directed the parties to file a joint report advising the Court of the status of the case, "with particular emphasis on the efforts to mediate or settle the matter[.]" (Non-Doc. Order, dated 8-31-17.) On September 8, 2017, the parties filed their joint report, in which they reported the parties had reached a settlement on all material terms, subject to the Court's approval. (Doc. No. 24 (Joint Status Report) at 185.)

Now before the Court is the parties' Joint Motion for Approval of Settlement, which seeks the Court's approval of a settlement agreement between plaintiffs and defendants resolving plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Ohio statutory law. (Doc. No. 25 ["Joint Mot."].) Appended to the motion are the parties' settlement agreement, a proposed final order, a schedule of payments, proposed notices to potential opt-in plaintiffs, and a declaration from plaintiffs' counsel. The Court must now

determine whether the settlement represents a fair resolution of plaintiffs' FLSA claims. For the reasons that follow, the Court finds that it does, and the settlement is approved.

## I. BACKGROUND

In this action, filed on September 19, 2016, plaintiffs, Jasmine Diaz, Jasmine Jones, and Constance Shannon, brought suit against defendants, New Work City, Inc., Gladstone Headquarters, Inc., Vicki Stanley, and Tony Motesano, on behalf themselves and others similarly situated, for the payment for wages earned but allegedly uncompensated by defendants. (Doc. No. 1 ["Compl."].) Defendants denied that plaintiffs were entitled to any additional wages, and further denied that they violated the FLSA or Ohio law. (Doc. No. 13.)

On February 13, 2017, plaintiffs filed a Motion for Conditional Certification, Opt-In Discovery, and Court-supervised Notice to Potential Opt-in Plaintiffs. (Doc. No. 17 ["Mot. Cond. Cert."].) By their motion, plaintiffs sought to certify the following collective under the FLSA and class under Fed. R. Civ. P. 23:

> All present and former hourly employees of Defendants who worked as STNAs (State Tested Nursing Assistants) or LPNs (Licensed Practical Nurses) or other similar job titles from three years prior to the filing of this complaint to the present.

(*See* Compl. ¶¶ 37, 42.)

On February 15, 2017, the Court conducted a telephonic case management conference with counsel for the parties, wherein the Court set dates and deadlines to govern this case, including dates and deadlines for the briefing of plaintiffs' motion for conditional certification. (Doc. No. 19.) Prior to the completion of briefing on this preliminary motion, the parties moved, on multiple occasions, to stay briefing while the parties engaged in mediation. The Court granted these motions, and stayed the briefing. (Non-document Orders, dated April 7, 2017 and May 31,

2017.) On May 31, 2017, the Court denied plaintiff's motion for conditional certification, without prejudice, as moot, in light of the parties' anticipated global settlement. (Non-document Order, dated May 31, 2017.) On October 5, 2017, the parties filed the present joint motion to approve the settlement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours,

and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

## III. ANALYSIS

The Court finds that the instant action presented bona fide disputes. Plaintiffs, who either are employed or formerly employed by defendants to provide medical and assisted living care to defendants' clients, assert that they were often required to work in excess of 40 hours of week but were not properly compensated for their time. (Compl. ¶¶ 14-25.) Specifically, they claimed that defendants failed to properly track hours worked in excess of forty hours a week and further failed to properly compensate plaintiffs for travel time between client facilities. (*Id.* ¶¶ 20-25.) Defendants insist that plaintiffs were paid in compliance with FLSA regulations and Ohio law.

The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes.[1] Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel and the services awards to the named plaintiffs are reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation.[2] While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.[3]

## IV. CONCLUSION

For all of the foregoing reasons, the Court approves the settlement as fair and reasonable and as having satisfied the standard for approval under the FLSA, 29 U.S.C. § 216(b).

---

[1] In fact, pursuant to the agreement, all opt-in plaintiffs will receive 100% of their alleged unpaid overtime and 99% of the liquidated damages they could have received had they proven a willful violation under 29 U.S.C. § 216(b). (Joint Mot. at 191-92.)

[2] The agreement also provides for notices and payouts to all potential opt-in plaintiffs, as defined by language similar to the collective/class language in the complaint. (*See* Doc. No. 25-1 (Settlement Agreement) at 204.) As such, the Court construes the joint motion as containing a stipulation to conditional certification of the collective as defined in the settlement agreement and finds that conditional certification is appropriate.

[3] While not specifically mentioned in the joint motion, plaintiffs' complaint also contains claims under Ohio statutory law. Given the fact that the settlement agreement purports to resolve all of plaintiffs' claims, the Court finds that the agreement implicitly resolves the state law claims, as well. Accordingly, with the approval of the FLSA settlement agreement, plaintiffs' state law claims are dismissed.

Further, the Court approves the proposed notice to potential opt-in plaintiffs with attached consent and release form (*see* Mot., Exhibit 3) and directs that it be mailed to potential opt-in plaintiffs listed in the schedule of individual payments according to the procedures prescribed in the settlement agreement and in particular the settlement administration section thereof. Potential opt-in plaintiffs may obtain individual payments by signing and returning consent and release forms by the consent deadline, thereby opting into the case pursuant to § 216(b) for the purpose of accepting the terms of this settlement including the release of claims. Consent and release forms signed and returned by opt-in plaintiffs shall be filed with the Court as soon as practicable, and may be filed with the Clerk of Courts subsequent to the entry of this final order and judgment.

The Court approves the schedule of individual payments to all opt-in plaintiffs and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

The Court approves the proposed service awards to plaintiffs Jasmine Diaz, Jasmine Jones, and Constance Shannon, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

The Court approves the payment of attorney's fees and cost reimbursements to plaintiffs' counsel as provided in the settlement agreement, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

The Court approves the payments of administrative costs to the settlement administrator as provided in the settlement agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed. As requested by the parties, the Court retains jurisdiction over the action to enforce the terms of the settlement agreement and resolve any disputes thereunder.

**IT IS SO ORDERED**.

Dated: October 18, 2017

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**